**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

TASHANNYO MEDLEY,

        Petitioner,

vs.                                        Case No.    3:12-cv-729-J-32JBT
                                                                             3:09-cr-369-J-32JBT

UNITED STATES OF AMERICA,

        Respondent.

_____

**ORDER**

        This case is before the Court on Petitioner Tashannyo Adena Medley's pro se Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. §2255 (Doc. 1).[1] Pursuant to Rule 8(a) of the Rules Governing Section 2255 Proceedings, the Court has determined that an evidentiary hearing is not necessary to decide the petition.

**I.    Background**

        On November 19, 2009, Petitioner was charged in a three count indictment with two counts of wire fraud in violation of 18 U.S.C. § 1343 (Counts 1 and 3) and one count of aggravated identity theft in violation of 18 U.S.C. § 1028A(a)(1) (Count 2). (Crim. Doc. 1). Petitioner entered a guilty plea before the magistrate judge on February 26, 2010 to Counts 1 and 2 (Crim. Doc. 51), and Count 3 was dismissed pursuant to a written plea agreement (Crim. Doc. 29). On July 30, 2010, Petitioner was sentenced to 54 months' imprisonment to be followed by three years' supervised release and ordered to pay $232,485.54 in

---

    [1]    Citations to Medley's criminal case file, United States of America v. Tashannyo Adena Medley, 3:09-cr-369-J-32JBT, are denoted as "Crim. Doc.____." Citations to Medley's civil § 2255 case file, 3:12-cv-729-J-32JBT, are denoted as "Doc. ___."

restitution. (Crim. Doc. 52 at 46-48).

Petitioner timely filed a direct appeal of her sentence on August 3, 2010 (Crim. Doc. 43), alleging the rule of leniency dictated that she should have been given a 12-level enhancement based on the amount of money she actually obtained through fraud rather than the 14-level enhancement she received based on the amount of money she tried to obtain. See Doc. 7-2 at 20. On February 23, 2011, the Eleventh Circuit granted the government's Motion to Dismiss Petitioner's direct appeal "based on the valid and enforceable appeal waiver" in her plea agreement. (Crim. Doc. 60; Doc. 7-1).

Petitioner filed the instant motion (Doc. 1) alleging she is entitled to relief because her original attorney did not advise her of the immigration consequences of a guilty plea in violation of Padilla v. Kentucky.[2]  The government filed a Motion to Dismiss. (Doc. 7). For the reasons discussed herein, the government's motion is due to be granted, and the case dismissed.

**II.    Waiver**

In its Motion to Dismiss, the government notes that, as part of her written plea agreement, Petitioner explicitly waived the right to collateral attack. (Doc. 7 at 1, 2). The language of the waiver states "[t]he defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum and expressly waives the right to appeal defendant's sentence or to challenge it collaterally on any ground" except for a few specifically-enumerated grounds not relevant to this appeal. (Crim. Doc. 29 at

---

[2] 130 S.Ct. 1473 (2010).

9)(emphasis added). Here, however, Petitioner attacks not her sentence, but the validity of the plea itself. Unlike cases featuring appeal waivers of both a defendant's sentence and conviction, the specific language in Petitioner's plea agreement addresses only a waiver of petitioner's right to attack her sentence. As such, the waiver in this case does not preclude Petitioner from attacking the validity of her plea.[3] See Baird v. United States, 445 F. App'x 252, 254 (11th Cir. 2011) (per curiam) (noting that despite a sentence-appeal waiver, collateral attack through an ineffective assistance of counsel claim is permitted "insofar as the movant challenges the knowing and voluntary nature of the plea...").

### III.   Timeliness

§2255 motions are governed by a one year limitations period under 28 U.S.C. § 2255(f). Long v. United States, 626 F.3d 1167, 1169 (11th Cir. 2010). A § 2255 motion is timely if filed within one year of the latest of:

> (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

---

[3] Petitioner's plea agreement stated that, among the grounds for appeal that she was expressly waiving, was "that the Court erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines." (Doc. 29 at 9). Furthermore, even though the Eleventh Circuit affirmed this Court's dismissal of petitioner's direct appeal based on the waiver, that decision does not foreclose the opportunity to raise the claims Petitioner now raises because that appeal raised only a single issue related to the calculation of her sentence–which she expressly waived the right to raise as part of her written plea agreement.

28 U.S.C. § 2255(f)(1)-(4).

Since Petitioner did not file a petition for *certiorari* with the Supreme Court, her conviction became final on May 24, 2011, 90 days after the Eleventh Circuit's judgment on February 23, 2011. Clay v. United States, 537 U.S. 522, 532 (2003); Kaufmann v. United States, 282 F.3d 1336, 1338 (11th Cir. 2002). Because Petitioner signed her §2255 motion on June 21, 2012, more than one year after her conviction became final, Petitioner's motion is time-barred unless another statutory provision re-started the time period for filing a motion under §2255 or the default is excused.

## IV. Equitable Tolling

Though Petitioner concedes her motion is filed more than one year after her conviction became final, see Doc. 1 at 12, she claims she is entitled to equitable tolling of the AEDPA one-year limitations period, thereby rendering her §2255 timely.[4]

The AEDPA one-year limitations period is subject to equitable tolling. Holland v. Florida, 130 S.Ct. 2549, 2560, 2562 (2010); Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999). To be entitled to equitable tolling, a petitioner must show both that she has diligently pursued her rights and that extraordinary circumstances prevented her from timely doing so. Holland, 130 S.Ct. at 2562. A petitioner is not required to prove maximum feasible diligence, only "reasonable diligence." Id. at 2565. "Due diligence therefore does not require a prisoner to undertake repeated exercises in futility or to exhaust every imaginable option, but rather to make reasonable efforts." Aron v. United States, 291 F.3d 708, 712 (11th Cir.

---

[4] This argument was raised for the first time in Petitioner's Response to the United States' Motion to Dismiss (Doc. 8).

2002). The Court must consider "whether the alleged facts, when taken as true, show both extraordinary circumstances and reasonable diligence entitling [Petitioner] to enough equitable tolling to prevent [her] petition from being time-barred under §2244(d). If so, [s]he gets an evidentiary hearing and the chance to prove that those factual allegations are true." Chavez v. Sec'y, Florida Dep't of Corr., 647 F.3d 1057, 1070 (11th Cir. 2011). If not, the petition may be dismissed on statute of limitation grounds without an evidentiary hearing. Id.

Though Petitioner raises a claim of ineffective assistance of counsel in her §2255 motion, she contends that the Sixth Amendment violation occurred when her attorney failed to advise her of the immigration consequences of her plea in violation of Padilla; she does not allege that ineffective assistance caused her to delay the filing of her §2255 motion. Instead, she claims that other extraordinary circumstances justify the application of equitable tolling, and that she exercised the requisite due diligence by writing letters to this Court asking for a reduction of her sentence and applying for executive clemency.[5]

---

[5] Petitioner has not provided the Court with copies of the letters written by her and her family, nor a copy of her petition for clemency. She has, however, provided a copy of a letter sent by this Court acknowledging receipt of the letters sent by her and her family, as well as a copy of the letter from the DOJ pardon attorney informing her that her petition for clemency was denied. See Doc. 8-1 at 3, 4. Whether the letters sent to this Court warrant equitable tolling need not be addressed, however, as they were necessarily written prior to this Court's letter dated May 3, 2011 acknowledging their receipt. Petitioner's conviction did not become final, and therefore the AEDPA one-year limitations period begin to run, until May 24, 2011; those actions were taken when there was nothing yet to toll. See Drew v. Dept. Of Corr, 297 F.3d 1278, 1294-95 (11th Cir. 2002)(Barkett, J., dissenting)("[T]he diligence Sandvik requires must occur while the statute runs. It matters not if it occurs before the statute begins to run, because at that point the clock has not begun to tick; and it matters not if it occurs after the statute has run, because then the clock has already stopped: Both before and after, there is nothing to toll."); Weibley v. Kaiser, 50 Fed. Appx. 399, 402 n. 2 (10th Cir. 2002)(finding petitioner's argument that three motions he filed between July and

The Eleventh Circuit has not addressed whether petitions for executive clemency toll the AEDPA one-year limitations period.[6] Other courts, including some in the Middle District of Florida, however, have held that they do not. See Lepper v. Crosby, No. 8:04-cv-1880-T-17TBM, 2006 WL 1540280, at *4 (M.D.Fla. May 31, 2006)(rejecting petitioner's claim that a state court motion for mitigation under Florida law required equitable tolling, noting it "is similar to a prisoner's clemency application in the sense that the motion is not an application for reviewing the validity of the judgment."); Eckhardt v. Sec'y, Dep't of Corr., No. 8:06-cv-483-T-17TBM, 2006 WL 889743, at *3 (M.D.Fla. Apr. 3, 2006)(same); Malcom v. Payne, 281 F.3d 951, 957 (9th Cir. 2002)(holding a petition for clemency under Washington law did not qualify for equitable tolling); Savory v. Lyons, 469 F.3d 667, 674 (7th Cir. 2006)(declining to extend equitable tolling to petitioner's writ of mandamus and executive clemency petition); Burchfield v. Norris, No. 5:05-cv-00350BD, 2007 WL 1232166 at *4 (E.D.Ark. Apr. 26, 2007)(determining petitioner's application for clemency did not toll the AEDPA deadline, noting such application was neither a judicial proceeding nor a challenge to the underlying

---

October 1998 tolled the AEDPA statute of limitations "has no merit, however, because there is nothing to toll before November 10, 1998," the date on which his conviction became final).

[6] The Eleventh Circuit has, however, determined that a motion generally does not qualify as an equitable tolling motion unless it attacks the legality of the underlying sentence or conviction. Davis v. Barrow, 540 F.3d 1323, 1324 (11th Cir. 2008)(holding a motion to reconsider defendant's sentence, filed under Georgia law, in which he sought merely a sentence reduction did not qualify for equitable tolling); but compare Wall v. Kholi, 131 S.Ct. 1278, 1286-87 (2011)(rejecting the argument that an application merely seeking sentencing leniency does not provide for tolling of the AEDPA limitations period, and holding that the motion to reduce sentence under Rhode Island law qualified as a tolling motion) with Baker v. McNeil, 439 Fed. Appx. 786, 787-88 (11th Cir. 2011)(holding a motion for discretionary sentence reduction under Florida law was not a tolling motion, distinguishing the Florida Rule at issue from the Rhode Island Rule in Wall v. Kholi).

judgment, but rather a challenge to the severity of a sentence).

Although she did arguably exercise some diligence, and even acknowledging that "maximum feasible diligence" is not required, the record suggests that Petitioner knew or should have known how to timely raise the claims she now raises, yet chose to pursue other avenues of relief instead. Even assuming, without deciding, that Petitioner's diligence was sufficiently "reasonable" to invoke the doctrine of equitable tolling, she is likewise not entitled to its application because she has failed to show circumstances <u>beyond her control</u> that prevented her from timely filing her §2255 motion. <u>Holland</u>, 130 S.Ct. at 2568 (discussing that extraordinary circumstances may be present in cases in which an attorney had "abandoned" his client); <u>Maples v. Thomas</u>, 132 S.Ct. 912, 923 (2012)(applying <u>Holland</u> to find petitioner's attorneys had abandoned him, reversing and remanding the case to the Eleventh Circuit).

Though courts are to construe <u>pro se</u> petitions liberally,[7] Petitioner has nonetheless failed to identify facts preventing her from filing the instant motion sooner; an email Petitioner herself provided to the Court reveals she knew of the Supreme Court's holding in <u>Padilla</u> as early as August 2010, nearly two years before she filed the instant motion. <u>See</u> Doc. 8-1 at 6 (email thread containing an email written by Petitioner dated August 7, 2010 stating "I was looking online at a case Padilla vs Kentucky where the Supreme Court just ruled that a defendant should be advised by counsel that signing a Plea agreement could possibly affect immigration status."). Petitioner fails to explain why, then, she did not express

---

[7] <u>United States v. Yizar</u>, 956 F.2d 230, 232 (11th Cir. 1992); <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972).

concern regarding her attorney's failure to advise her of possible immigration consequences when given a chance to address the Court at sentencing[8] or in any of her letters to this Court, or why she failed to take any action, including filing a §2255 motion, between receiving the denial of clemency in November 2011 and May 25, 2012, the one-year AEDPA deadline,[9] except to say that she was awaiting a detainer from ICE. See Doc. 8 at 6-9. She claims "[t]he primary reason [she] did not file [her] 2255 motion directly after [her] appeal was denied was because [she] did not want to submit a premature claim." (Doc. 8 at 6). She further explains that, after she expressed concern over possible immigration consequences, she received and relied upon incorrect information from her first case manager about when and how ICE would be notified of her detention in deciding not to file her §2255 motion sooner. (Doc. 8 at 6-11).

No court has held that incorrect advice from a non-attorney is sufficient to toll the AEDPA statute of limitations and many courts–including the United States Supreme Court and the Eleventh Circuit Court of Appeals–have held that incorrect advice from one's own

---

[8] The Sentencing Transcript reveals Petitioner did briefly address her concern about immigration consequences, but said nothing to suggest that she would not have pled guilty had she so known prior to the entry of her plea. See Doc. 7-3 at 34 ("And I worry about the fact that I'm not a U.S. citizen that I could be sent back home, all of that. I just have a lot to lose.").

[9] Petitioner states that counsel informed her prior to the filing of her direct appeal that ineffective assistance claims could be raised in a §2255 motion. (Doc. 8 at 4). Petitioner therefore had the entire duration of her direct appeal–approximately 197 days from the filing of the Notice of Appeal on August 10, 2010 (Crim. Doc. 43) until the dismissal by the Eleventh Circuit on February 23, 2011 (Crim. Doc. 60)–plus the 90 days in which she could have petitioned the Supreme Court for certiorari and then the one-year period under AEDPA, totaling approximately 652 days, in which to have attempted to discern the deadlines and procedures for filing a §2255 motion, as well as whether the facts of her case might support such a claim.

attorney is not sufficient to warrant the application of equitable tolling, even when that incorrect advice follows repeated inquiry by the client.  See, e.g., Maples, 132 S.Ct. at 922-23; Cadet v. Fla. Dep't of Corr., 742 F.3d. 473, 481 (11th Cir. 2014) ("attorney negligence, however gross or egregious, does not qualify as an 'extraordinary circumstance' for purposes of equitable tolling."); Helton v. Sec'y, Dept. of Corr., 259 F.3d 1310, 1313 (11th Cir. 2001)(citing cases in which that Court and others determined erroneous advice from counsel does not warrant equitable tolling).

Similarly, in this case there was nothing preventing Petitioner from attempting to verify the information from her Case Manager and, despite learning the information was incorrect in April 2012,[10] at which time she still had approximately one month remaining to file her motion before the AEDPA deadline expired, she waited nearly two months to file an untimely §2255 motion on June 21, 2012. Petitioner does not explain why or how any extraordinary circumstances beyond her control prevented her from filing her §2255 motion prior to May 25, 2012, when it would have been timely. As such, Petitioner has failed to show extraordinary circumstances warrant the application of equitable tolling.

**V.  Padilla v. Kentucky**

This Court need not reach the merits of Petitioner's claim that her attorney failed to advise her of the immigration consequences of her plea, as the holding in Padilla affords her no relief from the untimely filing. The government in this case correctly notes that "a petitioner seeking exception from the time-bar for raising this claim has only one year from the date Padilla was decided." (Doc. 7 at 3); 28 U.S.C. § 2255(f)(3). Because Padilla was

---

[10] See Doc. 8 at 7-9.

decided March 31, 2010, after Petitioner pleaded guilty but before she was sentenced, the Supreme Court's decision did not re-start or otherwise affect the one year AEDPA limitations period.[11]

Petitioner's motion is therefore time-barred because she failed to file before May 25, 2012, one year after her conviction became final.

**ORDERED:**

1. The United States' Motion to Dismiss (Doc. 7) is **GRANTED**.

2. Petitioner Tashannyo Medley's Motion to Vacate, Set Aside Sentence, or Correct Sentence by a Person in Federal Custody under 28 U.S.C. §2255 (Doc. 1) is **DISMISSED**.

3. The Clerk shall enter judgment in favor of the United States and against Tashannyo Medley, and close the file.

CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL
IN FORMA PAUPERIS DENIED

IT IS FURTHER ORDERED that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a motion to vacate has no absolute entitlement to appeal a district court's denial of his motion. 28 U.S.C. § 2253(c)(I). Rather, a district court must first issue a certificate of appealability (COA). Id. "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional

---

[11] The government notes in its Motion to Dismiss that the Eleventh Circuit determined Padilla was not retroactive to cases on collateral review. Doc. 7 at 3 (citing Figuereo-Sanchez v. United States, 678 F.3d 1203. 1209 (11th Cir. 2012)). The U.S. Supreme Court has also determined that Padilla is not retroactively applicable. Chaidez v. United States, 133 S. Ct. 1103, 1105 (2013). However, the non-retroactivity of Padilla is not an issue where, as here, a petitioner's conviction became final after Padilla was decided. See Chaidez, 133 S. Ct. at 1105.

right." Id. at § 2253(c)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)). Petitioner has not made the requisite showing in these circumstances. Because Petitioner is not entitled to a certificate of appealability, she is not entitled to appeal in forma pauperis.

**DONE AND ORDERED** at Jacksonville, Florida this 18th day of August, 2014.

_____
TIMOTHY J. CORRIGAN
United States District Judge

ab.

Copies:

Counsel of Record

pro se party